IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEANORD L. GIBBENS, | ) | 4:07CV3246 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LEWIS B. LAYMEN, MITCHELL | ) | |
| L. MARSH, and DIANE SABATKA- | ) | |
| RINE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on October 10, 2007. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.   INITIAL REVIEW OF COMPLAINT

### A.   Summary of Complaint

Plaintiff filed his Complaint on October 10, 2007 against two fellow inmates incarcerated by the Nebraska Department of Correctional Services ("DCS"), Lewis Laymen ("Laymen") and Mitchell Marsh ("Marsh"). (Filing No. 1 at CM/ECF p. 3.) Plaintiff also alleges claims against Diane Sabatka-Rine ("Sabatka-Rine"), who Plaintiff identifies as the Warden of the Lincoln Correctional Center ("LCC"), a DCS facility. (*Id.*) Plaintiff does not identify in which capacity he seeks relief against Sabatka-Rine.

Condensed and summarized, Plaintiff alleges that on July 1, 2007, he was incarcerated at the LCC. (*Id.* at CM/ECF p. 4.) Plaintiff was housed in the protective custody unit of the LCC because certain inmates, including Laymen, had previously "made threats of physical violence" to Plaintiff. (*Id.*) Plaintiff alleges that both Laymen and Marsh are involved in a "security threat group called the 'Peckerwoods,'" which operates in the LCC. (*Id.*) Plaintiff previously testified "in a non-favorable manner" against Laymen and Laymen is the "reason for [Plaintiff's] placement" in protective custody. (*Id.*)

On July 1, 2007, Plaintiff was "attacked and physically assaulted" by Marsh, allegedly as Marsh's "initiation" into the Peckerwoods. (*Id.*) At the time, Marsh was a general population inmate who was assigned to work in the dining room. (*Id.*) As a result of this attack, Plaintiff suffered "neck trauma, back trauma, pain in [his] wrist, multiple contusions, and six stitches over [his] right eye." (*Id.*) Plaintiff has also suffered from "emotional trauma" for which he has sought the assistance of mental health practitioners within the LCC. (*Id.*)

Plaintiff alleges that Sabatka-Rine, as warden of the LCC, is "responsible for [his] safety" and that the failure to prevent the attack was "blatant disregard and deliberate indifference to his safety." (*Id.*) In particular, Plaintiff alleges that he should have been kept from general population inmates as a protective custody inmate. Plaintiff seeks "twenty point five million dollars" for Sabatka-Rine's conduct. (*Id.* at CM/ECF p. 6.) Plaintiff also seeks injunctive relief. Specifically, Plaintiff seeks to have Sabatka-Rine permanently enjoined from "subjecting Protective Custody inmates to General Population inmates." (*Id.*)

### B.   <u>Applicable Legal Standards on Initial Review</u>

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a

governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### **C.    Discussion of Claims**

#### 1.    Claims Against Laymen and Marsh

As set forth by the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. Pro. 12(h)(3). Subject matter jurisdiction is proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).[1]

"The ultimate issue in determining whether a person is subject to suit under §1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Thus, an allegation that a private individual has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. *See, e.g., Pino v. Higgs*, 75 F.3d 1461, 1464-67 (10th Cir. 1996) ("To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the

---

[1] Subject matter jurisdiction is also proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). It is clear from Plaintiff's allegations that Laymen, Marsh, and Plaintiff are all incarcerated by the DCS in Nebraska and are therefore residents of Nebraska. There is no diversity of citizenship and it therefore cannot be a basis for jurisdiction in this matter.

Constitution and laws' of the United States.") (citing 42 U.S.C. § 1983). Therefore, if the actions of the defendant were "not state action, our inquiry ends." *Rendell-Baker*, 457 U.S. at 838.

Here, Plaintiff asserts claims against two fellow inmates for assaulting him at the LCC. There are no allegations that Laymen or Marsh's conduct was undertaken "under color of state law" or was otherwise sanctioned by a state actor. While Plaintiff may have claims which are compensable under Nebraska law in a Nebraska state court, his Complaint does not state a claim upon which relief may be granted in this court. Plaintiff's claims against Laymen and Marsh are therefore dismissed without prejudice to reassertion in the proper forum.

    2.    Claims Against Sabatka-Rine

A prisoner asserting a violation of his Eighth Amendment rights, must show "deliberate indifference,"or reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff. *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). Moreover, a viable Eighth Amendment claim consists of an objective component and a subjective component. *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

In addition, "the Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, claims regarding the right to either procedural or substantive due process must begin with identification of a protected liberty or property interest. *Singleton v. Cecil*, 176 F.3d 419, 424-25, 425 n.7 (8th

Cir. 1999) (*en banc*). Further, substantive due process protects prisoners from conduct which "shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citations omitted). Substantive due process rights are implicated when a state actor "engages in conduct that is so outrageous that it shocks the conscience or otherwise offends judicial notions of fairness, or is offensive to human dignity." *Id.* (citations and quotations omitted).

Plaintiff here alleges that Sabatka-Rine, as warden of the LCC, is "responsible for [his] safety" and that the failure to prevent the attack was "blatant disregard and deliberate indifference to his safety." (*Id.*) Plaintiff also alleges that Sabatka-Rine's failure to keep general population inmates from protective custody inmates amounted to deliberate indifference. Liberally construed, Plaintiff has therefore set forth enough facts to nudge his claims against Defendant Sabatka-Rine across the line from conceivable to plausible. As a result, Plaintiff's claims against Sabatka-Rine may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### 3. Sovereign Immunity

"[T]he Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so." *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 389 (1998). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity. However, damages claims against individual state employees acting in their official capacities are barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997). When not specified, the law presumes that a defendant is sued *only* in an official

capacity.  *See generally Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (holding that, to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state his intent in the pleadings).

Here, Plaintiff has not specified whether he seeks relief against Sabatka-Rine in her official, individual, or both capacities.  On the court's own motion, Plaintiff shall have 30 days in which to amend his complaint in order to specify in which capacity Sabatka-Rine is sued.  In the absence of an amended complaint, the court will presume that Sabatka-Rine is sued only in her official capacity and summons will issue.

## II.    APPOINTMENT OF COUNSEL

In his Complaint, Plaintiff seeks the appointment of counsel.  (Filing No. 1 at CM/ECF p. 6.)  However, the court cannot routinely appoint counsel in civil cases.  In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Id.*  Such a showing has not been made here.  The request for the appointment of counsel is therefore denied without prejudice.

## III.   PLAINTIFF'S PENDING MOTION

Also pending before the court is Plaintiff's Motion to Extend.  (Filing No. 7.)  In his Motion, Plaintiff seeks an additional 30 days in which to pay the initial partial filing fee.  The court notes that Plaintiff paid his initial partial filing fee of $6.58 on November 30, 2007.  (*See* Docket Sheet.)  The motion is therefore granted and the court deems the initial partial filing fee as timely received.

IT IS THEREFORE ORDERED that:

1. Plaintiff may proceed on his claims against Defendant Diane Sabatka-Rine. However, summons will not be issued until after the amendment of Plaintiff's Complaint as set forth in this memorandum and order.

2. Plaintiff shall have until **February 15, 2008** to amend his Complaint to specify the capacity in which he seeks relief against Defendant Diane Sabatka-Rine. In the absence of Plaintiff's filing an amended complaint, this case will proceed only on the claims against Defendant Sabatka-Rine in her official capacity.

3. Plaintiff's claims against Defendants Lewis Laymen and Mitchell Marsh are dismissed without prejudice to reassertion in state court.

4. Plaintiff's Motion to Extend (filing no. 7) is granted. The initial partial filing fee is deemed timely received.

5. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review amended complaint on **February 15, 2008** and direct Clerk to issue summons if no amended complaint is filed.

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

January 15, 2008.    BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge