IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEANORD L. GIBBENS, | ) | 4:07CV3246 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DIANE SABATKA-RINE, | ) | |
| | ) | |
| Defendant. | ) | |

     This matter is before the court on Defendant's Motion to Dismiss. (Filing No. 14.)  In support of her Motion, Defendant filed a Brief in Support. (Filing No. 15.) Plaintiff filed a Response to the Motion. (Filing No. 16.)  As set forth below, the Motion to Dismiss is granted in part, and denied in part.

## I.    BACKGROUND

     Plaintiff filed his Complaint on October 10, 2007 against two fellow inmates incarcerated by the Nebraska Department of Correctional Services ("NDCS"), Lewis Laymen ("Laymen") and Mitchell Marsh ("Marsh"). (Filing No. 1 at CM/ECF p. 3.) Plaintiff also alleged claims against Diane Sabatka-Rine ("Sabatka-Rine"), who Plaintiff identified as the Warden of the Lincoln Correctional Center ("LCC"), an NDCS facility where Plaintiff is incarcerated. (Id.)  Upon initial review of the Complaint, the court dismissed the claims against Laymen and Marsh for lack of subject matter jurisdiction. (Filing No. 8 at CM/ECF pp. 4-5.) However, the court permitted Plaintiff's Eighth Amendment claim against Sabatka-Rine to proceed to service. (Id. at CM/ECF pp. 5-7.) Plaintiff thereafter filed an Amended Complaint reasserting his claims against Sabatka-Rine and specifying that she was sued in both her individual and official capacities. (Filing No. 9.)

On April 22, 2008, Sabatka-Rine filed a Motion to Dismiss and Brief in Support, arguing that Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6)[1]. (Filing No. 14.) Specifically, Sabatka-Rine argues that the claims against her should be dismissed because Plaintiff failed to allege a constitutional violation, because she was not personally involved in the assault incident leading up to Plaintiff's claims, and because she is entitled to sovereign immunity. (Filing Nos. 14 and 15.) Plaintiff filed a Response to the Motion to Dismiss. (Filing No. 16.) Plaintiff also filed a Motion for Jury Trial. (Filing No. 17.)

## II.  DEFENDANT'S MOTION TO DISMISS

### A.  Motion to Dismiss Standard

The standard on a motion to dismiss is the same as that previously applied on initial review of the Complaint. In short, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

---

[1]Sabatka-Rine's Motion to Dismiss also states that it is brought pursuant to Federal Rule of Civil Procedure 12(b)(4). However, the Brief in Support only refers to Rule 12(b)(6) and contains no reference or argument regarding Rule 12(b)(4). (Filing No. 15.) The court therefore treats the Motion as brought only pursuant to Rule 12(b)(6).

### B. Failure to State a Constitutional Claim

Sabatka-Rine argues that Plaintiff has not adequately alleged a constitutional violation. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). As set forth above, however, a pro se plaintiff's allegations must be construed liberally. *Burke,* 294 F.3d at 1043-1044.

The court carefully reviewed Plaintiff's allegations on initial review. At that time, the court liberally construed the Complaint and determined that Plaintiff's allegations stated a claim for violations of his Eighth Amendment rights. (Filing No. 8.) The court also determined that, under the pleading standards set forth above, Plaintiff's Complaint could proceed. (*Id.*) The court sees no need to repeat its lengthy analysis of Plaintiff's allegations. Sabatka-Rine's failure to state a claim argument apparently rests on the fact that "the Complaint does not even mention any constitutional rights." (Filing No. 15 at CM/ECF p. 4.) While Sabatka-Rine may be correct that Plaintiff's does not cite specific constitutional or statutory provisions in his Complaint, such a recitation is not required. As has been previously determined, liberally construing the Complaint, Plaintiff has set forth enough facts to "nudge" his claims against Defendant Sabatka-Rine across the line from conceivable to plausible. Sabatka-Rine's Motion to Dismiss based on her argument that Plaintiff failed to state a constitutional claim is therefore denied.

### C. Respondeat Superior

Sabatka-Rine also argues that Plaintiff's claims against her should be dismissed because she was not personally involved in, or present at, the attack on Plaintiff which underlies his Complaint. (Filing No. 15 at CM/ECF p. 3.) Sabatka-Rine is

generally correct that *respondeat superior* is not a basis for liability under 42 U.S.C. § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). However, a plaintiff need not show that a supervisor personally participated in the alleged violation. Rather, a plaintiff may instead "allege and show . . . that the supervisor . . . had direct responsibility for the alleged violations." *McDowell v. Jones*, 990 F.2d 433, 435 (8th Cir. 1993). In addition, "a plaintiff could show that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts." *Id.* (citing *Pool v. Missouri Dep't of Corr. & Human Res.*, 883 F.2d 640, 645 (8th Cir. 1989). Therefore, where a plaintiff alleges that a warden or other supervisor is "responsible for the overall operation of" an institution and was "fully aware" of the alleged constitutional violations, the claims should not be dismissed. *Pool*, 883 F.2d at 645.

Here, Plaintiff alleges he was "attacked and physically assaulted" by another inmate on July 1, 2007. (Filing No. 9 at CM/ECF p. 4.) At the time, Plaintiff was voluntarily in protective custody and his attacker was a general population inmate who was assigned to work in the dining room. (*Id.*) Plaintiff's attacker was the person from whom Plaintiff sought to be protected. (*Id.*) Plaintiff further alleges that Sabatka-Rine, as warden of the LCC, is "responsible for [his] safety" and that the failure to prevent the attack was "blatant disregard and deliberate indifference to [his] safety." (*Id.*) In particular, Plaintiff alleges that he should have been kept from general population inmates as a protective custody inmate. In addition to monetary relief, Plaintiff seeks to have Sabatka-Rine permanently enjoined from "subjecting Protective Custody inmates to General Population inmates." (*Id.* at CM/ECF p. 5.) In addition, in Plaintiff's Response to the Motion to Dismiss, he specifically argues that Sabatka-Rine "has clearly supported a policy that placed" him in danger of being attacked by "the same inmates that [he] requested protection from." (Filing No. 16 at CM/ECF p. 1.) Plaintiff also argues that "[e]xcept for the policy that allowed General Population [inmates] to work in the dining hall," he would not have been attacked. (*Id.* at CM/ECF pp. 1-2.)

Thus, as in *Pool*, Plaintiff has alleged that Sabatka-Rine was responsible for the overall operation and for the safety of Plaintiff. Plaintiff has also adequately alleged that the policy of subjecting Protective Custody inmates to dangerous General Population Inmates in the dining hall was Sabatka-Rine's policy. That policy creates a serious safety risk which Sabatka-Rine knew about and "supported." While Plaintiff did not allege that Sabatka-Rine "personally participated" in the attack on Plaintiff, he did allege that she was directly responsible for the constitutional violation–the policy which failed to protect Plaintiff. While Plaintiff "may not be able to prove these allegations at trial," they are "sufficient to withstand a motion to dismiss." *Pool*, 883 F.2d at 645. Sabatka-Rine's Motion to Dismiss based on her argument that she was not personally involved is denied.

D. <u>Sovereign Immunity</u>

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-447 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 77-378 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

In addition, a claim against an individual, in her official capacity, is in reality a claim against the entity which employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an

official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n. 5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, there is no question that Sabatka-Rine is an employee of the State of Nebraska, specifically the NDCS. Because Sabatka-Rine is a state employee, she is entitled to the same sovereign immunity as her employer, the NDCS. There is no indication that the State of Nebraska, the NDCS, or Sabatka-Rine have waived that sovereign immunity. The claims against Sabatka-Rine in her official capacity for monetary relief are therefore dismissed. However, as set forth above, the claims against Sabatka-Rine in her official capacity for injunctive relief and in her individual capacity for monetary and injunctive relief are allowed to proceed.

### III. PLAINTIFF'S MOTION FOR JURY TRIAL

Also pending before the court is Plaintiff's Demand for Jury Trial. (Filing No. 17.) As set forth in Federal Rule of Civil Procedure 38(b), "[o]n any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand–which may be included in a pleading–no later than 10 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). Defendant has not yet filed an answer, and the court finds that Plaintiff has complied with Federal Rule of Civil Procedure 38 in filing his Demand for Jury Trial. To the extent Plaintiff's Demand for Jury Trial is a Motion, it is granted as to all issues triable of right by a jury.

IT IS THEREFORE ORDERED that:

1. Defendant Diane Sabatka-Rine's Motion to Dismiss (filing No. 14) is granted in part and denied in part.

2. The claims against Sabatka-Rine in her official capacity for monetary relief are dismissed.

3. The claims against Sabatka-Rine in her official capacity for injunctive relief and in her individual capacity for monetary and injunctive relief may proceed.

4. Defendant shall file an Answer no later than **September 10, 2008.**

5. Plaintiff's Demand for Jury Trial, construed as a Motion, (filing no. 17) is granted.

August 20, 2008.    BY THE COURT:

    s/ Joseph F. Bataillon
    Chief United States District Judge